Susan E. Coleman, (SBN 171832)
E-mail:  scoleman@bwslaw.com
Martin Kosla, (SBN 247224)
mkosla@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, Suite 2400
Los Angeles, CA  90071-2953
Tel:  213.236.0600 Fax:  213.236.2700

Attorneys for Defendant
DR. AHMED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENT LUIS GONZALEZ,<br><br>           Plaintiff,<br><br>v.<br><br>Z. AHMED, M.D., JOSEPH CHUDY, M.D. (Chief Medical Officer CTF-Soledad), et al.,<br><br>           Defendants. | Case No.  5:10-cv-05654-LHK<br><br>**ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT BY DR. AHMED; AND DEMAND FOR JURY TRIAL**<br><br>Judge:      Hon. Lucy H. Koh |

       For an answer to plaintiff's First Amended Complaint (Doc. #16), filed on April 12, 2011, defendant Dr. Ahmed[1] ("defendant") admits, denies and avers as follows:

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

       1.       In response to Section I of plaintiff's First Amended Complaint, defendant admits that there is an inmate appeal or administrative remedy process available at California Training Facility, and at all other California correctional facilities.  Defendant admits plaintiff has filed an appeal concerning the facts contained in his complaint relating to defendant.  Defendant denies plaintiff's

---

[1] Defense counsel expects to represent defendants Dr. Chudy and Dr. Sepulveda in this case, after they have been served and request representation, and thus cannot answer on Dr. Chudy and Dr. Sepulveda's behalves.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

1    appeal process is complete.  Except as admitted herein, defendant denies any

2    remaining allegations for lack of information and belief.

3                                    **PARTIES**

4        2.      In response to Section II of plaintiff's First Amended Complaint,

5    defendant admits plaintiff is currently incarcerated at California State Prison –

6    Solano in Vacaville, California.  Defendant admits he and defendants Dr.

7    Sepulveda and Dr. Chudy were physicians at California Training Facility at the

8    time of the alleged incident.  Except as admitted herein, defendant denies any

9    remaining allegations for lack of information and belief.

10                            **STATEMENT OF CLAIM**

11       3.      In response to paragraph 1 of Section III of plaintiff's First Amended

12   Complaint, defendant lacks sufficient information to admit or deny plaintiff's

13   allegations that plaintiff was experiencing severe abdominal pain.  Defendant

14   denies any remaining allegations for lack of information and belief.

15       4.      In response to paragraph 2 of Section III of plaintiff's First Amended

16   Complaint, defendant lacks sufficient information to admit or deny plaintiff's

17   allegations that plaintiff's requests to see a doctor were not honored.  Defendant

18   denies any remaining allegations for lack of information and belief.

19       5.      In response to paragraphs 3-9 of Section III of plaintiff's First

20   Amended Complaint, defendant denies that he refused to treat plaintiff or provide

21   him with medical care.  Defendant denies that he had a sarcastic, dismissive, and

22   mocking attitude when he examined plaintiff.  Defendant denies that he violated

23   any of plaintiff's rights.  Defendant denies any remaining allegations for lack of

24   information and belief.

25       6.      In response to paragraph 10 of Section III of plaintiff's First Amended

26   Complaint, defendant denies that plaintiff was forced to leave his office without

27   being examined.  Defendant lacks sufficient information to admit or deny plaintiff's

28   allegations that plaintiff was told by a correctional officer that there was nothing

1  that he could do about answering defendant allegedly refusing to examine plaintiff.

2  Defendant denies any remaining allegations for lack of information and belief.

3        7.    In response to paragraphs 11-12 of Section III of plaintiff's First

4  Amended Complaint, defendant lacks sufficient information to admit or deny

5  plaintiff's allegations that plaintiff gave another request for medical services to a

6  registered nurse on July 21, 2008 after his condition worsened.  Defendant denies

7  any remaining allegations for lack of information and belief.

8        8.    In response to paragraphs 13-15 of Section III of plaintiff's First

9  Amended Complaint, defendant lacks sufficient information to admit or deny

10  plaintiff's allegations that on July 22, 2008, plaintiff gave a further request for

11  medical services to a nurse named "Roy."  Defendant denies that he refused to treat

12  plaintiff or provide him with medical care on July 22, 2008.  Defendant denies any

13  remaining allegations for lack of information and belief.

14        9.    In response to paragraphs 16-22 of Section III of plaintiff's First

15  Amended Complaint, defendant admits that on July 24, 2008, plaintiff was taken to

16  Natividad Medical Center.  Defendant lacks sufficient information to admit or deny

17  plaintiff's allegations that plaintiff was informed that his appendix had ruptured

18  weeks before and that it was infected, and that plaintiff was in extreme pain and

19  very ill.  Defendant denies any remaining allegations for lack of information and

20  belief.

21        10.   In response to paragraph 23 of Section III of plaintiff's First Amended

22  Complaint, defendant lacks sufficient information to admit or deny plaintiff's

23  allegations that on August 1, 2008, plaintiff told Dr. Kalisher that he did not want to

24  be treated by answering defendant because he feared for his life.  Defendant denies

25  any remaining allegations for lack of information and belief.

26        11.   In response to paragraph 24 of Section III of plaintiff's First Amended

27  Complaint, defendant admits that plaintiff lodged an inmate appeal relating to

28

1    defendant's alleged refusal to treat him.  Defendant denies any remaining

2    allegations for lack of information and belief.

3        12.    In response to paragraphs 25-26 of Section III of plaintiff's First

4    Amended Complaint, defendant lacks sufficient information to admit or deny

5    plaintiff's allegations that he continued to tell Dr. Kalisher on subsequent visits that

6    he did not want to be treated by answering defendant because he feared for his life.

7    Defendant denies any remaining allegations for lack of information and belief.

8        13.    In response to paragraphs 27-28 of Section III of plaintiff's First

9    Amended Complaint, defendant lacks sufficient information to admit or deny

10   plaintiff's allegations that plaintiff was threatened by a nurse if he refused to be

11   treated by answering defendant.  Defendant denies that he caused plaintiff to miss

12   his first follow-up appointment at Natividad Medical Center.  Defendant denies any

13   remaining allegations for lack of information and belief.

14       14.    In response to paragraph 29 of Section III of plaintiff's First Amended

15   Complaint, defendant denies that he told plaintiff that the he did not want to see

16   him on July 22, 2008, because he was too tired.  Defendant denies that he failed to

17   respond to plaintiff's inquiry about his follow-up appointment at Natividad Medical

18   Center.  Defendant denies any remaining allegations for lack of information and

19   belief.

20       15.    In response to paragraph 30 of Section III of plaintiff's First Amended

21   Complaint, defendant lacks sufficient information to admit or deny plaintiff's

22   allegations that defendant Dr. Sepulveda told plaintiff that he must remain under

23   answering defendant's care when defendant Dr. Sepulveda interviewed plaintiff

24   with respect to his inmate appeal.  Defendant denies any remaining allegations for

25   lack of information and belief.

26       16.    In response to paragraph 31-32 of Section III of plaintiff's First

27   Amended Complaint, defendant lacks sufficient information to admit or deny

28   plaintiff's allegations that plaintiff remained in continuous pain.  Defendant lacks

1  sufficient information to admit or deny plaintiff's allegations that defendant Dr.

2  Chudy was made aware of answering defendant's actions and plaintiff's concerns,

3  but failed to rectify the problem.  Defendant denies any remaining allegations for

4  lack of information and belief.

5       17.   In response to paragraph 33-34 of Section III of plaintiff's First

6  Amended Complaint, defendant lacks sufficient information to admit or deny

7  plaintiff's allegations that plaintiff continues to suffer pain in the abdominal region.

8  Defendant denies that he delayed plaintiff's treatment.  Defendant denies any

9  remaining allegations for lack of information and belief.

10  **RELIEF**

11       18.   In response to the allegations in Section IV of plaintiff's First

12  Amended Complaint, defendant acknowledges that plaintiff seeks monetary

13  damages, but denies that plaintiff is entitled to damages or any other relief.

14  Defendant denies he caused plaintiff any damages or violated his constitutional

15  rights.  Defendant denies any remaining allegations contained therein for lack of

16  information and belief.

17       19.   In response to paragraph 35(A) of section titled "Claims for Relief" in

18  plaintiff's First Amended Complaint, defendant denies that he refused to provide

19  plaintiff with medical treatment.  Defendant denies that he was deliberately

20  indifferent to plaintiff's serious medical needs under the Eighth Amendment.

21  Defendant denies that he violated the Fourteenth Amendment.  Defendant denies

22  any remaining allegations for lack of information and belief.

23       20.   In response to paragraph 35(B) of section titled "Claims for Relief" in

24  plaintiff's First Amended Complaint, defendant denies that he refused to provide

25  plaintiff with medical treatment.  Defendant denies that he was deliberately

26  indifferent to plaintiff's serious medical needs under the Eighth Amendment.

27  Defendant denies that he violated the Fourteenth Amendment.  Defendant denies

28  any remaining allegations for lack of information and belief.

21.     In response to paragraph 35(C) of section titled "Claims for Relief" in plaintiff's First Amended Complaint, defendant denies that he threatened plaintiff with disciplinary action if plaintiff lodged an inmate appeal.  Defendant denies that he violated the First Amendment.  Defendant denies any remaining allegations for lack of information and belief.

22.     In response to paragraph 35(D) of section titled "Claims for Relief" in plaintiff's First Amended Complaint, defendant denies that he retaliated against plaintiff by delaying plaintiff's medical treatment.  Defendant denies that he violated the First, Eighth and Fourteenth Amendments.  Defendant denies any remaining allegations for lack of information and belief.

23.     In response to paragraph 35(E) of section titled "Claims for Relief" in plaintiff's First Amended Complaint, defendant lacks sufficient information to admit or deny plaintiff's allegations that defendant Dr. Sepulveda violated the Eighth and Fourteenth Amendments.  Defendant denies any remaining allegations for lack of information and belief.

24.     In response to paragraph 35(F) of section titled "Claims for Relief" in plaintiff's First Amended Complaint, defendant lacks sufficient information to admit or deny plaintiff's allegations that defendant Dr. Chudy violated the Eighth and Fourteenth Amendments.  Defendant denies any remaining allegations for lack of information and belief.

25.     In response to paragraph, 35(G)-(I) of section titled "Claims for Relief" in plaintiff's First Amended Complaint, defendant denies that he failed to provide timely medical treatment to plaintiff.  Defendant denies that his actions constituted negligence and medical malpractice.   Defendant denies any remaining allegations for lack of information and belief.

26.     In response to paragraph 35(J)-(K) of section titled "Claims for Relief" in plaintiff's First Amended Complaint, defendant lacks sufficient information to admit or deny plaintiff's allegations that defendants Dr. Sepulveda and Dr. Chudy

were negligent because they failed to properly supervise answering defendant.
Defendant denies any remaining allegations for lack of information and belief.

## AFFIRMATIVE DEFENSES

AS SEPARATE AND AFFIRMATIVE DEFENSES, answering defendant alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

27.    Plaintiff's First Amended Complaint fails to state a claim upon which relief can be granted.  Plaintiff's First Amended Complaint also fails to state a claim against defendant.

## SECOND AFFIRMATIVE DEFENSE

28.    Defendant denies that plaintiff has been deprived of any rights, privileges, or immunities guaranteed by the laws of the United States or by the laws of the State of California.

## THIRD AFFIRMATIVE DEFENSE

29.    At all relevant times, defendant acted within the scope of discretion, with due care, and good faith fulfillment of responsibilities pursuant to applicable statutes, rules and regulation, within the bounds of reason, and with the good faith belief that their actions comported with all applicable federal and state laws. Defendant therefore asserts his qualified immunity from liability.

## FOURTH AFFIRMATIVE DEFENSE

30.    Plaintiff has suffered no actual injury due to defendant's conduct.

## FIFTH AFFIRMATIVE DEFENSE

31.    Defendant asserts that this action may be subject to the doctrine of collateral estoppel or res judicata due to the pendency of any related state court proceedings arising from the same incident or due to any duplicated federal claims.

## SIXTH AFFIRMATIVE DEFENSE

32.    Defendant is not vicariously liable for acts of subordinates or subject to liability under the doctrine of respondeat superior.

1

## SEVENTH AFFIRMATIVE DEFENSE

2
33.    Any and all happenings, events, damages and injuries, if any, referred

3
to in the First Amended Complaint were proximately caused and contributed by

4
plaintiff's own conduct in that he failed to exercise ordinary care at the alleged

5
times and places.

6

## EIGHTH AFFIRMATIVE DEFENSE

7
34.    Plaintiff's own conduct estops him from claiming the damages alleged

8
in the First Amended Complaint.

9

## NINTH AFFIRMATIVE DEFENSE

10
35.    Plaintiff has failed to allege in his First Amended Complaint sufficient

11
facts to state a claim for compensatory or punitive damages for any action taken by

12
defendant in her individual or official capacities.

13

## TENTH AFFIRMATIVE DEFENSE

14
36.    Plaintiff's claims are barred or limited by the provisions of the Prison

15
Litigation Reform Act including the requirement to show physical injury to recover

16
for emotional distress.

17

## ELEVENTH AFFIRMATIVE DEFENSE

18
37.    The Complaint is barred by the provisions of the Prison Litigation

19
Reform Act based on plaintiff's failure to exhaust his administrative remedies

20
within the prison system prior to filing his lawsuit.

21

## TWELFTH AFFIRMATIVE DEFENSE

22
38.    There is no liability for failure to provide a prison, jail or penal

23
correctional facility, sufficient equipment, personnel or facilities therein. (Gov.

24
Code, § 845.2.)

25

## THIRTEENTH AFFIRMATIVE DEFENSE

26
39.    There is no liability for any injury or damages, if any there were,

27
caused by the failure to furnish or obtain medical care for any prisoner. (Gov.

28
Code, § 845.6.)

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4824-7915-4185 v1                            - 8 -                            5:10-CV-05654-LHK

1  **FOURTEENTH AFFIRMATIVE DEFENSE**

2       40.    Because the First Amended Complaint is couched in conclusory terms,

3  answering defendant cannot fully anticipate all affirmative defenses that may be

4  applicable to this action.  Accordingly, the right to assert additional affirmative

5  defenses, if and to the extent that such affirmative defenses are applicable, is hereby

6  reserved.

7  **FIFTEENTH AFFIRMATIVE DEFENSE**

8       41.    Plaintiff did not comply with the Government Tort Claims Act; thus,

9  his state law claims are barred.

10  **DEMAND FOR JURY TRIAL**

11      Defendant hereby demands a trial before a jury on all issues presented by

12  plaintiff's First Amended Complaint triable to a jury.

13      WHEREFORE, Defendant prays that:

14      1.    Judgment be rendered in favor of defendant and against plaintiff;

15      2.    Plaintiff takes nothing by the First Amended Complaint;

16      3.    Defendant be awarded costs of suit incurred herein; and

17      4.    Defendant be awarded such other and further relief as the Court may

18  deem necessary and proper.

19  Dated:  May 3, 2011          BURKE, WILLIAMS & SORENSEN, LLP

20

21            By:  /s/ Susan E. Coleman

22                Susan E. Coleman
              Martin Kosla

23            Attorneys for Defendant

24            DR. AHMED

25

26

27

28

1

**PROOF OF SERVICE**

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3

(*Brent Gonzalez v. Dr. Ahmed and Joseph Chudy,* Case No. 5:10-cv-05654-LHK)

4
5

    I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 444 South Flower Street, Suite 2400, Los Angeles, California 90071.

6

    On May 3, 2011, I served the document described as:

7

**1.    ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT BY DR. AHMED; AND DEMAND FOR JURY TRIAL**

8
9

on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

10

Brent Luis Gonzalez, V-77321
California State Prison-Solano

11

Housing: 10-116 L
P. O. Box 4000

12

Vacaville, CA 95696-04000

13

*PLAINTIFF IN PRO SE*

14
15
16
17
18

    ☒    (BY MAIL) I caused such envelope to be deposited in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. I placed such envelope with postage thereon prepaid in the United States mail at Los Angeles, California. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

19
20

    I declare under penalty of perjury under the laws of the United States of America, that the above is true and correct.

21

    Executed on May 3, 2011 at Los Angeles, California.

22

23

_____
Terri Mehra

24

25

26

27

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4829-9496-2697 v1