IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BRENT LUIS GONZALEZ, | ) | No. C 10-5654 LHK (PR) |
| Plaintiff, | ) ) | ORDER GRANTING DEFENDANTS' MOTION TO |
| v. | ) ) | DISMISS; GRANTING PLAINTIFF'S MOTION FOR |
| Z. AHMED, et al., | ) ) | LEAVE TO FILE SECOND AMENDED COMPLAINT |
| Defendants. | ) ) | |

Plaintiff, a state prisoner proceeding *pro se*, filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983 challenging the conditions of his confinement at Correctional Training Facility - Soledad. Defendants have filed a motion to dismiss, arguing that (1) Plaintiff's state law claims are barred; (2) Plaintiff's Fourteenth Amendment claim should be dismissed as duplicative; and (3) Plaintiff's claims against Defendants in their official capacities should be dismissed. Plaintiff has filed a brief, opposing the dismissal of his state law claims.[1] (Docket No. 42.) Defendants have not filed a reply. Plaintiff has also filed a motion for leave to file a second amended complaint.

In their motion to dismiss, Defendants assert that the Court is barred from considering Plaintiff's state law claims for medical malpractice and negligence because Plaintiff did not

---

[1] Plaintiff concedes that his Fourteenth Amendment claim, and his claims against Defendants in their official capacities should be dismissed. (Docket No. 41.)

Order Granting Defendants' Motion to Dismiss; Granting Plaintiff's Motion for Leave to File Second Amended Complaint
P:\PRO-SE\SJ.LHK\CR.10\Gonzalez654mtdamend.wpd

1 comply with the California Tort Claims Act ("CTCA"), *see* Cal. Gov't Code §§ 910, et seq.,
2 before filing this action. Specifically, Defendants argue that Plaintiff did not file any tort claim
3 regarding the incidents complained of, or regarding the named Defendants. (Mot. at 7.)
4 Defendants also assert that there is no indication that Plaintiff sought permission to file a late
5 claim with the Victim Compensation and Government Claims Board ("VCGCB"). (*Id.*)

6 　　　　In response, Plaintiff concedes that he did not file a timely claim with the VCGCB.
7 However, he argues that, in the months of August and September 2010, he did seek permission
8 to file a late tort claim with the VCGCB. (Docket No. 42 at 2.) He states that each request was
9 denied on the basis that he failed to file his claim "prior to one year beyond the incident." (*Id.*)
10 Plaintiff alleges that the VCGCB refused to send him the proper form to request permission to
11 file a late claim. (*Id.*) He argues that he should be permitted to file a late claim to the VCGCB
12 because he was without his personal property and legal materials from June 12, 2009 through
13 June 22, 2010, due to being transferred to another facility. (*Id.* at 2-3.)

14 　　　　Before a state law claim can be brought, whether in state or federal court, the CTCA
15 requires that the claim be presented to the VCGCB. *See* Cal. Gov. Code §§ 911.2, 945.4;
16 *Hernandez v. McClanahan*, 996 F. Supp. 975, 977 (N.D. Cal. 1998) (failure to present timely
17 California tort claims bars plaintiff from bringing them in federal suit). The Ninth Circuit has
18 ruled that these procedural requirements (and compliance with them) are "substantive elements
19 of the cause of action." *See United States v. State of California*, 655 F.2d 914, 918 (9th Cir.
20 1980). It is proper for federal courts to determine whether a plaintiff bringing tort claims against
21 a public entity has complied with the CTCA. *See id.* at 918-19; *Hernandez,* 996 F. Supp. at 979.

22 　　　　Before bringing an action for damages against the State of California or its employees for
23 personal injury, one must first file a timely claim (i.e., within six months of the date of the
24 action which resulted in the claim) with the State Board of Control. Cal. Gov't Code §§ 945.4,
25 945.6. If a complainant fails to file a timely claim, he may apply to the VCGCB for leave to file
26 a late claim. Cal. Gov't Code § 911.4. He must apply "within a reasonable time not to exceed
27 one year after the acrrual of the cause of action." Cal. Govt't Code § 911.4(b). If a complainant
28

Order Granting Defendants' Motion to Dismiss; Granting Plaintiff's Motion for Leave to File Second Amended
Complaint
P:\PRO-SE\SJ.LHK\CR.10\Gonzalez654mtdamend.wpd   2

1 is denied his application to file a late claim to the VCGCB, he may seek relief from the
2 requirement that he present his claims to the VCGCB by filing a petition in superior court. Cal.
3 Gov't Code § 946.6. Any such petition must be filed within six months after the application for
4 leave to file a late claim is denied. *Id.*

5     Even assuming that Plaintiff did indeed request permission to file a late claim to the
6 VCGCB, once he received its denial, he was required to petition the superior court for relief.
7 There is no indication that he did so, and Plaintiff does not assert that he complied with
8 California Government Code § 911.4. Accordingly, Defendants' motion to dismiss Plaintiff's
9 state law claims is GRANTED.

10     Plaintiff's motion to amend his amended complaint is GRANTED. **The Clerk shall file**
11 **Plaintiff's proposed second amended complaint.** (Docket No. 41.) A review of the second
12 amended complaint reveals that it contains the same factual allegations as his amended
13 complaint, but deletes his Fourteenth Amendment claim and does not name Defendants in their
14 official capacities. There appears to be no other substantive change.

15     Pursuant to the parties' September 8, 2011 joint stipulation, Defendants' dispositive
16 motion is due on or before November 14, 2011. Plaintiff's opposition is due thirty days
17 thereafter. Defendants' reply shall be filed fifteen days after Plaintiff's opposition is filed.

18     IT IS SO ORDERED.
19 DATED: __9/19/11__

                              LUCY H. KOH
20                               United States District Judge