IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENT LUIS GONZALEZ,        )<br>                                                       )<br>          Plaintiff,                              )<br>                                                       )<br>     v.                                              )<br>                                                       )<br>Z. AHMED, et al.,                          )<br>                                                       )<br>          Defendants.                     )<br>_____) | No. C 10-5654 LHK (PR)<br><br>ORDER GRANTING IN PART<br>AND DENYING IN PART<br>PLAINTIFF'S REQUEST FOR<br>CONTINUANCE |

Plaintiff, a state prisoner proceeding *pro se*, filed a second amended civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that Defendants were deliberately indifferent to his serious medical needs. On November 14, 2011, Defendants filed a motion for summary judgment. On December 2, 2011, Plaintiff filed a motion for continuance under Rule 56(d). Plaintiff has also filed two letters, requesting an extension of time to file his opposition. For the reasons stated below, the Court GRANTS Plaintiff's request for an extension of time in which to file his opposition to defendant's motion for summary judgment, but DENIES it to the extent that he requests additional time to seek further discovery pursuant to Rule 56(d).

Federal Rule of Civil Procedure 56(d) is a device for litigants to avoid summary judgment when the non-movant needs to discover affirmative evidence necessary to oppose the motion. *See Garrett v. San Francisco*, 818 F.2d 1515, 1518 (9th Cir. 1987). In making a Rule 56(d) motion, a party opposing summary judgment must make clear "what information is sought and how it would preclude summary judgment." *Margolis v. Ryan*, 140 F.3d 850, 853 (9th Cir.

1998); *see, e.g., id.* at 853-54 (district court correctly denied motion for continuance to engage in further discovery under Rule 56(d) where plaintiff did not provide any basis or factual support for his assertions that further discovery would lead to the facts and testimony he described, and his assertions appeared based on nothing more than "wild speculation"). Rule 56(d) requires that the requesting party show (1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery, (2) the facts sought exist, and (3) the sought-after facts are essential to oppose summary judgment. *Family Home and Finance Center, Inc. v. Federal Home Loan Mortgage Corp.*, 525 F.3d 822, 827 (9th Cir. 2008).

Here, Plaintiff requests an indefinite extension of time in which to file his opposition to Defendants' motion for summary judgment. He claims that he requested information from Defendants that he believes is "critical" to drafting his opposition. However, he does not demonstrate how this "additional discovery would [] reveal[] specific facts precluding summary judgment," *see Tatum v. City and County of S.F.*, 441 F.3d 1090, 1101 (9th Cir. 2006), or how the sought-after facts are essential to oppose summary judgment, *Family Home and Finance Center, Inc.*, 525 F.3d at 827. Indeed, he states that "[t]his discovery *may* allow me to present a much more thorough response . . ." (Dkt. No. 63 at 2) (emphasis added). Thus, Plaintiff is not entitled to a continuance for the purpose of conducting additional discovery pursuant to Rule 56(d).

However, due to Plaintiff's assertion that he has little access to the law library, and limited knowledge of the law, the Court will GRANT Plaintiff a thirty-day continuance in which to file his opposition to the motion for summary judgment. Plaintiff is directed to file an opposition to Defendants' motion for summary judgment **no later than thirty days** from the filing date of this order. Defendants shall file a reply **fifteen days thereafter**.

IT IS SO ORDERED.

DATED: 12/20/11

*Lucy H. Koh*
LUCY H. KOH
United States District Judge