IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BRENT LUIS GONZALEZ, | ) | No. C 10-5654 LHK (PR) |
| Plaintiff, | ) ) | ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S |
| v. | ) ) | MOTION FOR LEAVE TO FILE A RENEWED MOTION FOR |
| Z. AHMED, | ) ) | RECONSIDERATION; ORDERING DEFENDANTS TO RESPOND |
| Defendant. | ) ) ) | (Docket No. 108.) |

Plaintiff, a state prisoner proceeding *pro se*, filed a second amended complaint ("SAC") under 42 U.S.C. § 1983, arguing that Defendants retaliated against him, and were deliberately indifferent to his serious medical needs, in violation of the First and Eighth Amendments. On November 14, 2011, Defendants filed a motion for summary judgment. On September 11, 2012, the Court granted in part and denied in part the motion for summary judgment, and referred the matter to Magistrate Judge Vadas for settlement proceedings. On December 5, 2012, Judge Vadas reported that the case did not settle. On February 6, 2013, the Court appointed pro bono counsel for Plaintiff. On April 8, 2013, Plaintiff filed a motion for leave to file a renewed motion for reconsideration of the Court's order on summary judgment.[1] Upon consideration of

---

[1] Plaintiff's requests for judicial notice are GRANTED.

Order Granting in Part and Denying in Part Plaintiff's Motion for Leave to File a Renewed Motion for Reconsideration; Ordering Defendants to Respond
G:\PRO-SE\LHK\CR.10\Gonzalez654recon1.wpd

the pleadings, Plaintiff's motion for leave to file a renewed motion for reconsideration is GRANTED in part and DENIED in part.

## BACKGROUND

Plaintiff's SAC alleged that, in July 2008, he experienced severe abdominal pain in his lower right abdominal region and groin area, and requested medical help. Plaintiff was seen by Defendant Dr. Ahmed ("Dr. Ahmed"), Plaintiff's primary care physician at Central Training Facility in Soledad, California. At the end of July 2008, Plaintiff was taken to the emergency room at Natividad Medical Center, where a Natividad Medical Center doctor diagnosed Plaintiff with a ruptured appendix, an abscess, and a urinary tract infection. Plaintiff was discharged from Natividad Medical Center on July 31, 2008, with instructions to return to Natividad Medical Center within 6-8 weeks for an appendectomy once the infection and abscess were resolved. On September 30, 2008, Dr. Ahmed saw Plaintiff, and informed Plaintiff that the abscess had resolved. Despite Plaintiff's being instructed at the end of July 2008 to have an appendectomy within 6-8 weeks, Plaintiff did not receive the surgery until December 11, 2008. During those two and a half months between September 30, 2008, and December 11, 2008, Plaintiff suffered excruciating pain, and was given no medical treatment. Plaintiff also alleged that Defendants Dr. Sepulveda ("Dr. Sepulveda") and Dr. Chudy ("Dr. Chudy") were liable as Dr. Ahmed's supervisors for failing to correct Dr. Ahmed's mistakes or removing Dr. Ahmed as Plaintiff's treating physician.

Viewing the facts in the light most favorable to Plaintiff, the Court found that Dr. Ahmed's responses to Plaintiff's medical requests in July 2008 could be inferred to be purposeful failures to act and that Plaintiff was harmed by that failure. The Court granted summary judgment in favor Dr. Sepulveda because he was not personally involved in Plaintiff's treatment, was not aware of Plaintiff's dissatisfaction with Dr. Ahmed, and did not fail to prevent any substantial risk of serious harm to Plaintiff. The Court also granted summary judgment in favor of Dr. Chudy because he was similarly situated to Dr. Sepulveda. Finally, the Court granted summary judgment in favor of all Defendants as to Plaintiff's claim that Defendants

1  exhibited deliberate indifference by delaying Plaintiff surgery for two and a half months – from
2  September 30, 2008, through December 11, 2008 – because there was an absence of evidence
3  that Defendants' action or lack of action was the proximate cause of any alleged delay.

## ANALYSIS

### I. Standard of Review

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). In the Northern District of California, no motion for reconsideration may be brought without leave of court. *See* Civil L.R. 7-9(a). Under Civil Local Rule 7-9, the moving party must specifically show: (1) that at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the court before entry of the interlocutory order for which the reconsideration is sought, and that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or (2) the emergence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the court to consider material facts which were presented to the court before such interlocutory order. *See* Civil L.R. 7-9(b).

### II. Plaintiff's motion

Plaintiff asks the Court to reconsider: (1) the entry of summary judgment in favor of unserved Dr. Chudy; (2) the entry of summary judgment in favor of Dr. Chudy and Dr. Sepulveda under supervisory liability; (3) the entry of summary judgment in favor of Dr. Chudy and Dr. Sepulveda because they were deliberately indifferent to Plaintiff's medical needs after learning that Dr. Ahmed refused Plaintiff medical care; and (4) the entry of summary judgment in favor of all Defendants regarding the delay in Plaintiff's surgery. The Court addresses each issue in turn.

#### A. Unserved Dr. Chudy

Plaintiff argues that the Court improperly granted summary judgment in favor of

1  unserved Dr. Chudy without giving Plaintiff notice and a reasonable time to respond. *See* Fed.
2  R. Civ. P. 56(f). "A District Court may properly on its own motion dismiss an action as to
3  defendants who have not moved to dismiss where such defendants are in a position similar to
4  that of moving defendants or where claims against such defendants are integrally related."
5  *Silverton v. Dep't. of Treasury*, 644 F.2d 1341, 1345 (9th Cir. 1981). "Such a dismissal may be
6  made without notice where the [plaintiff] cannot possibly win relief." *Omar v. Sea-Land Serv.,*
7  *Inc.*, 813 F.2d 986, 991 (9th Cir. 1987).  The Court's authority in this regard includes the *sua*
8  *sponte* grant of summary judgment as to Defendants who have not been served. *Columbia Steel*
9  *Fabricators, Inc. v. Ahlstrom Recovery*, 44 F.3d 800, 802-03 (9th Cir. 1995) (affirming summary
10 judgment for nonappearing defendant where plaintiffs, in response to summary judgment motion
11 filed by appearing defendant, had "a full and fair opportunity to brief and present evidence" as to
12 claims against nonappearing defendant, which were the same as those against appearing
13 defendants).

14      Plaintiff argues that the Court should not have granted summary judgment in favor of
15 unserved Dr. Chudy without giving proper notice and an opportunity to respond to Plaintiff. *See*
16 Fed. R. Civ. P. 56(f). Federal Rule of Civil Procedure 56(f) was amended in 2010 to require that
17 a district court may grant summary judgment for a nonmoving party *only* "after giving notice and
18 a reasonable time to respond." However, the cases to which Plaintiff cites in support of his
19 argument are inapposite because none of those cases discusses a nonappearing Defendant when
20 the same issues control resolution of the claims presented against both appearing and
21 nonappearing Defendants within the motion for summary judgment. *Cf. Columbia Steel*
22 *Fabricators*, 44 F.3d at 802-03 (applying principles of res judicata to grant summary judgment in
23 favor of nonappearing defendant).

24      Here, Dr. Chudy is similarly situated to Dr. Sepulveda, insofar as they both were alleged
25 to have been responsible for failing to prevent Plaintiff from being harmed by Dr. Ahmed via
26 respondeat superior. Plaintiff had claimed that Dr. Sepulveda and Dr. Chudy failed to prevent
27 substantial risk of serious harm to Plaintiff by not removing Dr. Ahmed as Plaintiff's physician
28

after becoming aware of Plaintiff's grievance at the second level of review, and failing to ensure that Plaintiff received an appendectomy in a timely manner. (SAC at ¶¶ E, F, 30, 32.) The evidence showed the following: Dr. Sepulveda conducted interviews and investigated Plaintiff's claim for the administrative appeal (Pl. Opp., Ex. N; Decl. Sepulveda at ¶¶ 2-3); Dr. Sepulveda concluded that Dr. Ahmed did not violate prison policy with respect to Dr. Ahmed's treatment of Plaintiff (Decl. Sepulveda at ¶ 5); and Dr. Chudy reviewed, approved, and signed the appeal response (Pl. Opp., Ex. N; Pl. Decl. at ¶ 50).

The same facts presented in Plaintiff's SAC and opposition support judgment for both Dr. Sepulveda and Dr. Chudy. Plaintiff had a full and fair opportunity to brief and present evidence on the issues raised by Dr. Sepulveda, which were the same issues controlling Dr. Chudy's liability. Arguably, Dr. Chudy is even more removed from liability than Dr. Sepulveda because Plaintiff never personally communicated with Dr. Chudy. Moreover, Dr. Chudy's approval of Dr. Sepulveda's findings occurred on October 21, 2008, when Dr. Chudy was "made aware of" Plaintiff's concerns. (SAC at ¶ 32.) Indeed, as Plaintiff concedes, the only reason Plaintiff included Dr. Chudy in the SAC is because Dr. Chudy signed the administrative appeal response at the second level of review, and because Plaintiff believed Dr. Chudy should be responsible through respondeat superior. (Pl. Depo. at 91.)

The Court granted summary judgment in favor of Dr. Sepulveda because the evidence showed that when Dr. Sepulveda became aware of Plaintiff's concerns, Plaintiff did not return to Dr. Ahmed before Plaintiff had his surgery and thus, Dr. Sepulveda could not have prevented further harm to Plaintiff by Dr. Ahmed's hands.

The Court also concluded that Plaintiff had not presented any evidence that any Defendant's action or lack of action was the proximate cause of any alleged delay in Plaintiff's surgery from September 30, 2008 to December 11, 2008. As the Court stated in its previous order, the undisputed evidence showed that Dr. Ahmed followed-up on the status of Plaintiff's surgery on September 15 and September 30, 2008. On September 30, 2008, Dr. Ahmed's notes state that Dr. Ahmed "spoke to UM Nurse. RN Nick to expedite [Plaintiff's follow-up

1  appointment] and surgery.  Explained to [Plaintiff]."  (Pl. Ex. S.)  On October 8, 2008, Plaintiff
2  had a follow-up pre-surgery appointment at Natividad, and the Natividad doctor recommended
3  an appendectomy and requested a scheduled follow-up.  (Pl. Ex. U.)  Plaintiff alleged that he
4  submitted approximately five requests for health care services after September 30, 2008, but
5  there was no record of any of those requests except one, dated November 4, 2008.  (Pl. Decl. at
6  ¶ 51.)  On that date, Plaintiff stated that he was waiting to have his appendectomy and requested
7  a doctor's visit.  (Pl. Ex. V.)  On November 7, 2008, the nurse's notes state that a voice mail
8  message was left for "Nick" on November 10, 2008.  (*Id.*)  Viewing the record, there was an
9  absence of evidence that any purported delay from September 30, 2008, until Plaintiff's surgery
10  in December 2008, was proximately caused by Defendants' action or lack of action.  There was
11  no evidence that any Defendant was responsible for the actual scheduling of an appendectomy at
12  an outside hospital, or that any Defendant hindered such scheduling.  Plaintiff conceded that he
13  had no evidence demonstrating that Dr. Ahmed was responsible for the delay in Plaintiff's
14  surgery.  (Pl. Depo. at 91.)  Plaintiff also provided no evidence that Dr. Sepulveda or Dr. Chudy
15  had any control over the scheduling of Plaintiff's surgery.  Finally, as the Court noted
16  previously, Plaintiff acknowledged that he named Dr. Chudy in this lawsuit only because Dr.
17  Chudy signed the administrative appeal.  (*Id.*)

18  Resolving the claim against Dr. Chudy would not require any additional or different
19  evidence than that presented against Dr. Sepulveda because Dr. Chudy necessarily became aware
20  of Plaintiff's claims after Dr. Sepulveda.  Plaintiff named Dr. Chudy only because he approved
21  the administrative appeal response prepared by Dr. Sepulveda, and Plaintiff believed Dr. Chudy
22  was vicariously liable.  Thus, because summary judgment was granted in favor of Dr. Sepulveda,
23  summary judgment was properly granted in favor of unserved Dr. Chudy.  *See, e.g.*, *Gonzalez v.*
24  *Runnels*, No. 10-17379, 2011 WL 4542725, at *1 (9th Cir. 2011) (unpublished memorandum
25  disposition) ("The district court also properly entered summary judgment for the nonappearing
26  defendant Clark."); *Welch v. County of Sonoma*, No. 04-5158 WHA, 2013 WL 2237856, at *7
27  (N.D. Cal. May 21, 2013) (unpublished) (granting summary judgment in favor of nonappearing
28

defendants where nonappearing defendants were similarly situated to appearing defendants, and there was no evidence that plaintiff did not receive adequate medical care); *Paredez v. Hernandez*, No. 11-3351 SI, 2013 WL 269086, at *11 (N.D. Cal. Jan. 24, 2013 (unpublished) (granting summary judgment in favor of nonappearing defendant when plaintiff, in response to motion filed by appearing defendant, had full and fair opportunity to present evidence on dispositive issue as to claim against nonappearing defendant); *Macho v. California Dept. of Corrections*, No. 11-3100 PJH, 2013 WL 60882, at *5-6 (N.D. Cal. Jan. 3, 2013) (granting summary judgment in favor of nonappearing defendant when nonappearing defendant was similarly situated to other defendants); *Histon v. Tilton*, No. 09-0979 JSW, 2012 WL 476388, at *7 (N.D. Cal. Feb. 14, 2012) (granting summary judgment in favor of nonappearing defendant where Plaintiff had "full and fair opportunity to brief and present evidence" as to claim against nonappearing defendant), *affirmed by* No. 12-10763, 2013 WL 542478 (9th Cir. 2013) (unpublished memorandum disposition).

In sum, Plaintiff has not presented newly discovered evidence, shown that the Court committed clear error or the initial decision was manifestly unjust, or demonstrated an intervening change in controlling law to warrant reconsideration. *See School Dist. No. 1J*, 5 F.3d at 1263. Plaintiff's motion to reconsider the *sua sponte* grant of summary judgment in favor of Dr. Chudy is DENIED.

B.     Supervisory Liability

Plaintiff argues that the Court improperly granted summary judgment in favor of Dr. Sepulveda and Dr. Chudy because they were responsible for the "failed medical system at CTF" and Plaintiff's resulting harm. However, Plaintiff does not make this broad policy claim against Dr. Sepulveda or Dr. Chudy in either his SAC or his opposition. Nor did Plaintiff assert that Dr. Sepulveda or Dr. Chudy should have been aware of such a "failed medical system" or failed to address it. Plaintiff's allegations against these Defendants consisted of complaining that Defendants failed to correct Dr. Ahmed's mistakes against Plaintiff, failed to assign Plaintiff a different doctor, and failed to ensure Plaintiff received a timely appendectomy. (SAC at ¶¶ E,

F.) Specifically, Plaintiff claimed that on October 9, 2008, "Plaintiff expresses to Dr. Sepulveda that he does not want to be in the care of Dr. Ahmed because of the pain and injury Ahmed caused Plaintiff and that the Plaintiff fears further harm and even more so after filing a CDCR 602 grievance upon Ahmed.  Plaintiff also brings to the attention of Dr. Sepulveda that he is currently overdue to return to Natividad Hospital to have his appendectomy surgery and that he fears Ahmed may not care about Plaintiff's condition or his surgery." (SAC at ¶ 30.)  As to Dr. Chudy, Plaintiff alleged that, on October 21, 2008, Dr. Chudy was "made aware of Plaintiff's circumstances and what transpired in regards to Dr. Ahmed's treatment of the Plaintiff" and was "made aware" that Plaintiff remained in Dr. Ahmed's care, but did not rectify the issue, and signed Dr. Sepulveda's review at the second level of Plaintiff's administrative appeal.  (SAC at ¶ 32.)  Thus, the theory that Dr. Sepulveda and Dr. Chudy were liable as supervisors for the failure of the prison's entire medical care system was raised for the first time in Plaintiff's motion for reconsideration.

The Court will not reconsider the grant of summary judgment in favor of Dr. Sepulveda and Dr. Chudy based on a theory of liability raised for the first time in a motion for reconsideration.  Plaintiff does not include new facts that he could not have discovered prior to issuance of the order granting summary judgment, nor does he include new facts that occurred after issuance of the order.  *See* Civil L.R. 7-9(b)(1), (b)(2).  The allegation is not newly discovered evidence, does not demonstrate that the Court committed clear error, and does not claim to include an intervening change in controlling law.  *See School Dist. No. 1J*, 5 F.3d at 1263.  Plaintiff's motion to reconsider the grant of summary judgment in favor of Dr. Sepulveda and Dr. Chudy as to this claim is DENIED.

   C.  Dr. Sepulveda's and Dr. Chudy's deliberate indifference

Plaintiff moves the Court to reconsider its order granting summary judgment in favor of Dr. Sepulveda and Dr. Chudy because there was no evidence that they were aware of Plaintiff's concerns regarding Dr. Ahmed until October 2008, and Plaintiff's last encounter with Dr. Ahmed was on September 30, 2008.  Plaintiff has pointed out new material facts that

demonstrate the possibility that Dr. Sepulveda and Dr. Chudy became aware of Plaintiff's complaints as early as September 9, 2008 – the same day Plaintiff was told to return to Dr. Ahmed's care, and before Plaintiff was treated by Dr. Ahmed two additional times.

Before considering this particular claim, the Court directs Defendants to file an opposition to this claim within **twenty-eight days** of the filing date of this order. Plaintiff shall file his reply within **fourteen days** thereafter. Should the Court conclude that there is a genuine issue of material fact as to Dr. Sepulveda and Dr. Chudy, the Court will reinstate Dr. Sepulveda and Dr. Chudy as Defendants, and order that Plaintiff serve Dr. Chudy.

D.   Delay

Finally, Plaintiff moves the Court to reconsider its order granting summary judgment in favor of all Defendants because there was no evidence that they were responsible for the two and a half month delay in Plaintiff's receipt of surgery. Out of an abundance of caution, because the claim above may impact this claim, the Court directs Defendants to file an opposition to this claim as well within **twenty-eight days** of the filing date of this order. Plaintiff shall file his reply within **fourteen days** thereafter. Should the Court conclude that there is a genuine issue of material fact as to Dr. Sepulveda and Dr. Chudy, the Court will reinstate Dr. Sepulveda and Dr. Chudy as Defendants, and order that Plaintiff serve Dr. Chudy.

## CONCLUSION

Plaintiff's motion for leave to file a renewed motion for reconsideration is GRANTED in part and DENIED in part. Defendants are directed to file an opposition to the above referenced deliberate indifference and delay claims within **twenty-eight days** of the filing date of this order. Plaintiff shall file his reply within **fourteen days** thereafter.

IT IS SO ORDERED.

DATED: June 24, 2013

*Lucy H. Koh*
LUCY H. KOH
United States District Judge