IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENT LUIS GONZALEZ,<br><br>             Plaintiff,<br><br>    v.<br><br>Z. AHMED,<br><br>             Defendant. | No. C 10-5654 LHK (PR)<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO FILE A RENEWED MOTION FOR RECONSIDERATION |

Plaintiff, a state prisoner proceeding *pro se*, filed a second amended complaint under 42 U.S.C. § 1983, arguing that defendants retaliated against him, and were deliberately indifferent to his serious medical needs, in violation of the First and Eighth Amendments. On November 14, 2011, defendants filed a motion for summary judgment. On September 11, 2012, the court granted in part and denied in part defendants' motion for summary judgment. After settlement proceedings proved unsuccessful, on February 6, 2013, the court appointed pro bono counsel for plaintiff. On April 8, 2013, plaintiff filed a motion for leave to file a renewed motion for reconsideration of the court's order on summary judgment.

On June 24, 2013, the court granted in part and denied in part plaintiff's renewed motion for reconsideration, ordered defendant to file an opposition, and plaintiff to file a reply.

Order Granting in Part and Denying in Part Plaintiff's Motion for Leave to File a Renewed Motion for Reconsideration
G:\PRO-SE\LHK\CR.10\Gonzalez654recon2.wpd

Specifically, the court ordered defendant to address plaintiff's claim that there is a genuine dispute of material fact regarding whether Dr. Sepulveda and Dr. Chudy were deliberately indifferent to plaintiff's medical needs, and whether there is a genuine dispute of material fact regarding whether Dr. Ahmed, Dr. Sepulveda, and Dr. Chudy were liable for the delay in the receipt of plaintiff's appendectomy surgery.

Upon consideration of the parties' pleadings, plaintiff's motion for leave to file a renewed motion for reconsideration is GRANTED in part and DENIED in part.

**ANALYSIS**

I.   Standard of Review

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). In the Northern District of California, no motion for reconsideration may be brought without leave of court. *See* Civil L.R. 7-9(a). Under Civil Local Rule 7-9, the moving party must specifically show: (1) that at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the court before entry of the interlocutory order for which the reconsideration is sought, and that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or (2) the emergence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the court to consider material facts which were presented to the court before such interlocutory order. *See* Civil L.R. 7-9(b).

II.   Plaintiff's motion[1]

This order addresses plaintiff's request that the court reconsider: (1) the entry of summary judgment in favor of Dr. Chudy and Dr. Sepulveda because they were deliberately indifferent to plaintiff's medical needs after learning that Dr. Ahmed refused plaintiff medical

---

[1] Because the parties are familiar with the underlying facts, the court will not repeat them here except to the extent necessary.

1  care, and (2) the entry of summary judgment in favor of all defendants regarding the delay in
2  plaintiff's surgery. The court addresses each issue in turn.
3      A.    <u>Dr. Sepulveda's and Dr. Chudy's deliberate indifference</u>
4      Plaintiff moves the court to reconsider its order granting summary judgment in favor of
5  Dr. Sepulveda and Dr. Chudy regarding whether they were deliberately indifferent to plaintiff's
6  medical needs. After consideration of plaintiff's motion, defendant's opposition, and plaintiff's
7  reply, the court concludes that plaintiff has pointed out new material facts that demonstrate a
8  genuine dispute regarding when Dr. Sepulveda and Dr. Chudy became aware of plaintiff's
9  complaints, and whether they were deliberately indifferent in failing to act to prevent a
10 substantial risk of harm to plaintiff.
11     Accordingly, plaintiff's motion for a renewed motion for reconsideration is GRANTED
12 as to this claim. The court's grant of summary judgment in favor of Dr. Chudy and Dr.
13 Sepulveda as to this claim is VACATED. Defendants' motion for summary judgment as to this
14 claim is DENIED. Defendants Dr. Sepulveda and Dr. Chudy are REINSTATED.
15     B.    <u>Delay</u>
16     Plaintiff's motion also requested that the court reconsider its grant of summary judgment
17 in favor of all defendants as to the claim that the defendants were responsible for the delay in
18 plaintiff's receipt of surgery.
19     The evidence, viewed in the light most favorable to plaintiff, reveals that on September
20 30, 2008, Dr. Ahmed confirmed that plaintiff's abscess had resolved. (Pl. Exh. S; Pl. Decl. at
21 ¶ 42.) Further, Dr. Ahmed indicated in his medical notes that plaintiff only needed a follow-up
22 appointment at the Natividad Medical Center and Surgery. (*Id.*) Dr. Ahmed's notes from that
23 day also note that Dr. Ahmed spoke with "Nurse Nick" to expedite plaintiff's follow up and
24 surgery. (Pl. Exh. S.) At plaintiff's follow-up appointment at Natividad on October 8, 2008, the
25 general surgeon confirmed that plaintiff's abscess had resolved and that plaintiff was cleared for
26 surgery. (Pl. Exh. U.) The general surgeon recommended an appedectomy be scheduled. (*Id.*)
27     Plaintiff alleged that he submitted five separate health services requests between October
28

1  8, 2008 and December 11, 2008.  (Pl. Decl. at ¶ 51.)  In support of this statement, plaintiff
2  submitted a copy of one of his health care services requests, dated November 4, 2008.  (Pl. Exh.
3  V.)  In the request, plaintiff explained that he was still waiting for his appendectomy, stated that
4  he was experiencing pain again, and requested a visit with a doctor.  (*Id.*)  The nurse's response,
5  dated November 11, 2008, indicated that plaintiff's appointment/request was scheduled as
6  "routine," and she left a message for [Nurse] Nick to inquire about plaintiff's surgery date.  (*Id.*)

7        In plaintiff's motion, plaintiff alleges that he did not see Dr. Ahmed after September 30,
8  2008, because Dr. Ahmed actively chose not to see plaintiff.  (Reply at 7.)  This statement is
9  wholly unsupported by the record.  There is no indication that any of plaintiff's health care
10 request services forms reached any defendant, nor that any defendant was aware after October 9,
11 2008, that plaintiff's surgery had still not been scheduled.  Despite plaintiff's bald assertions that
12 defendants assumed responsibility to ensure that plaintiff's surgery was scheduled sooner,
13 plaintiff has provided no evidence to support such statements.  Indeed, in plaintiff's deposition,
14 plaintiff conceded that his belief that Dr. Ahmed was responsible for the delay in plaintiff's
15 receiving surgery was based purely on speculation.  (Pl. Depo. at 23.)

16       The facts here are similar to those presented in *McGuckin v. Smith*, 974 F.2d 1050, 1059
17 (9th Cir. 1992), *overruled on other grounds*, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133,
18 1136 (9th Cir. 1997) (en banc).  In that case, the inmate was seen by a prison doctor and private
19 orthopedic specialist regarding severe pain to his back.  *Id.* at 1061.  The orthopedist
20 recommended a CT scan.  *Id.*  Almost three months passed before plaintiff received a CT scan.
21 *Id.*  The scan revealed a herniated nucleus pulposus, and the orthopedist recommended surgery.
22 *Id.*  Over three months passed again after the inmate was approved for surgery before the inmate
23 actually received surgery.  *Id.* at 1061-62.  The Ninth Circuit concluded that although the reason
24 for the seven-month delay between the inmate's doctors' visits and the inmate's actual surgery
25 was inexplicable, and the inmate had suffered unnecessary pain while untreated, there was no
26 evidence that either the prison doctor or the orthopedic specialist was responsible for the
27 scheduling of the surgery.  *Id.* at 1062.  Similarly here, there is an absence of evidence that
28

Order Granting in Part and Denying in Part Plaintiff's Motion for Leave to File a Renewed Motion for
Reconsideration
G:\PRO-SE\LHK\CR.10\Gonzalez654recon2.wpd    4

1 defendants were responsible for scheduling the appendectomy, or for the delay in plaintiff's
2 receipt of the appendectomy.  Thus, the court's original grant of summary judgment in favor of
3 defendants was proper.
4     Plaintiff' motion for a renewed motion for reconsideration does not include new facts that
5 he could not have discovered prior to the issuance of the order granting summary judgment, nor
6 does he include new facts that occurred after issuance of the order.  *See* Civil L.R. 7-9(b)(1),
7 (b)(2).  The allegation includes no newly discovered evidence, does not demonstrate that the
8 court committed clear error, and does not claim to include an intervening change in controlling
9 law.  *See School Dist. No. 1J*, 5 F.3d at 1263.  Plaintiff's motion to reconsider the grant of
10 summary judgment in favor of all defendants as to this claim is DENIED.

## CONCLUSION

Plaintiff's motion for leave to file a renewed motion for reconsideration is GRANTED in part and DENIED in part.  Should plaintiff wish to file a third amended complaint, it is due no later than fourteen days after the filing date of this order.

Defendant Dr. Chudy has not been served with process.  Within fourteen days, plaintiff is directed to provide an accurate and current address for Dr. Chudy such that the Marshal is able to effect service.  If Plaintiff fails to do so, plaintiff's claim against Dr. Chudy will be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

DATED: 8/14/13

*Lucy H. Koh*
LUCY H. KOH
United States District Judge